UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HR BENEFITS, INC. D/B/A PORTLAUS, et al.,

Plaintiffs,

v.

APRIL HOUSE,

Defendant.

Case No. 2:26-cv-00361-TLF

ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER (DKT. 5)

The matter before the Court is April House's "Motion to Dismiss Or, In The Alternative, Transfer Venue." Dkt. 5.

This motion concerns two separate proceedings. First, a matter filed by House on October 15, 2025, with the San Diego County Superior Court which was then removed to the Southern District of California (hereinafter, the "California Action"). Dkt. 6-1 at 2. Second, the above-captioned matter filed by House's former employer (hereinafter the "Employer")[1] on December 30, 2025, in the King County Superior Court which was

---

[1] Defendants in the California Action (and plaintiffs in the Washington Action) include HR Benefits, Inc., (d/b/a Portalus) and the Washington Technology Industry Association ("WTIA"). *See* Dkts. 6-1, 18.

It is undisputed HR Benefits, Inc. (d/b/a Portalus) is a wholly owned subsidiary of WTIA. Dkt. 5 at 1; Dkt. 18 at 2. It is also undisputed that House was primarily employed by HR Benefits, Inc. (d/b/a Portalus). Dkt. 5 at 1; Dkt. 18 at 2.

For simplicity and clarify, the Court collectively refers to HR Benefits, Inc. and WTIA as the "Employer."

ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER (DKT. 5) - 1

removed to this Court (hereinafter, the "Washington Action"). Dkt. 1-2 at 2 (initial complaint); Dkt. 18 (amended complaint).[2]

House argues this Court should dismiss the Washington Action as the claims the Employer asserts were required to be asserted as compulsory counterclaims in the California Action. Dkt. 5 at 1-2. Alternatively, House asks the Court to transfer the Washington Action to the Southern District of California under 28 U.S.C. § 1404(a) or use the first-to-file rule. Dkt. 5 at 2.

The parties unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 9. For the reasons below, the Court **DENIES** the motion to dismiss, or in the alternative, transfer venue.

## I.    BACKGROUND

House is a resident of San Diego County, California. Dkt. 6-1 at 2; Dkt. 18 at 2. The Employer is based in King County, Washington. Dkt. 6-1 at 2-3; Dkt. 18 at 2. House worked remotely for the Employer from October 2021 until her resignation in August 2025. Dkt. 6-1; Dkt. 18.

### A. California Action

On October 15, 2025, House filed a complaint with the San Diego County Superior Court. Dkt. 6-1. House asserted claims for (1) hostile work environment, sexual harassment; (2) quid pro quo sexual harassment; and (3) failure to prevent harassment and discrimination. Dkt. 6-1 at 8-10.

House's claims rely on three primary allegations.

---

[2] As explained in the parties' stipulated motion to amend, the amended complaint sought only to correct plaintiff's name, and "[n]o new claims are asserted, and no additional parties are added." Dkt. 17.

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 2

First, House states that she was hired in October 2021, and "[f]or the next three plus years, until the Employer allowed [Michael Thomas] Schutzler" (her then supervisor) "to resign with benefits on December 31, 2024, [she] was subjected to unwanted harassing conduct, including but not limited to . . . [v]erbal harassment . . . [p]hysical harassment," and "[u]nwanted sexual advances." Dkt. 6-1 at 3-5.

Second, House alleges that "[b]ecause of the nature of the sexually harassing conduct, [she] reasonably believed that the terms of her employment, job benefits, and favorable working conditions were made contingent, by words or conduct, on her acceptance of Shutzler's sexual advances and harassing conduct." Dkt. 6-1 at 5.

Finally, House asserts the Employer "willfully violated its obligation to conduct a prompt, thorough, or neutral investigation of the prior harassment complaint against Schutlzer, and likewise, the [Employer] has willfully refused to investigate House's February 9, 2025, complaint." Dkt. 6-1 at 7.

The action was removed to the Southern District of California on December 8, 2025. *See* Dkts 5, 6-2 at 12. On January 5, 2026, the Employer answered House's complaint. Dkt. 6-2 at 12.

## B. Washington Action

On December 30, 2025, the Employer filed a complaint with the King County Superior Court. Dkt. 1-2; Dkt. 18. The Employer asserted claims for (1) conversion, (2) fraud/intentional misrepresentation, (3) breach of contract, (4) unjust enrichment, (5) breach of fiduciary duty, (6) breach of duty of loyalty, (7) violation of the Washington Consumer Protection Act, RCW 19.86.020, (8) treble damages under the California Civil

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 3

Code § 496, (9) exemplary damages under the California Civil Code § 3294, and (10) violating the California Business & Professions Code. Dkt. 18 at 7-18.

The Employer's claims rely on three overarching allegations.

First, the Employer alleges House "took one week of paid time off starting on August 10, 2025, claiming she had a sick family member." Dkt. 18 at 3. The Employer argues House "never provided any required supporting documentation or verification" and "[r]ather than returning to work on or around August 18, 2025, as she previously represented she would," she "suddenly resigned from her employment." Dkt. 18 at 3.

Second, the Employer claims "House refuses to return the company-issued laptop upon her resignation and continues to ignore all requests for its return." Dkt. 18 at 3. "House's continued possession of the [Employer]-issued laptop, combined with her refusal to return it, poses an ongoing risk of destruction, alteration, or dissemination of proprietary [] information." Dkt. 18 at 3-4.

Finally, the Employer states "House directed [the Employer] to issue a portion of her bonus payments and retroactive wages to a nonprofit organization Nudge Fund, Inc." Dkt. 18 at 4. The Employer alleges they later "discovered that Nudge Fund, Inc., is a for-profit corporation owned and directed by Defendant House, a material fact she failed to disclose." Dkt. 18 at 4. The Employer argues House's direction "breached her duties and obligations" to them and caused a "financial loss . . . of $67,000.00." Dkt. 18 at 5.

The action was removed to this Court on January 30, 2026. Dkt. 1. On February 2, 2026, House filed the present motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 5.

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 4

## II.    DISCUSSION

### A. Rule 12(b)(6) Motions to Dismiss

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim" and a "claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted).

"We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marien Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "We need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Id.*

### B. Judicial Notice

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). An exception to this rule is the doctrine of "judicial notice under Federal Rule of Evidence 201." *Id.*

The Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 5

and quotation marks omitted); *see also In re Mendenhall*, 654 B.R. 798, 805 (W.D. Wash. 2023).

Here, the parties refer to documents filed in the California Action — House's complaint and the Employer's answer. Dkt. 6-1 at 2 (complaint), 12 (answer). While it appears neither party expressly asks the Court to take judicial notice of these two documents (*see generally* Dkts 5, 12) the Court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1). The Court finds it is appropriate to take notice of the complaint and answer of the California Action, attached as Exhibits A and B to the declaration of House's attorney (Dkt. 6-1). The Court takes such notice for the sole purpose of reviewing whether House's Rule 12(b)(6) motion should be granted, not for the truth of the allegations or claims contained therein. *See Mendenhall*, 654 B.R. at 805.

**C. Compulsory Counterclaims**

House first argues the claims asserted in the Washington Action must be dismissed as the Employer was required to assert them as compulsory counterclaims within the California Action. *E.g.* Dkt. 5 at 4-6 (citing Fed. R. Civ. P. 13(a)).

**i.    Standard**

"Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action." *In re Crown Vantage*, Inc., 421 F.3d 963, 973 n.7 (9th Cir. 2005).

Federal Rule of Civil Procedure 13(a) governs compulsory counterclaims; the Rule provides:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . *arises out of the transaction or occurrence* that is the subject matter of the

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 6

opposing party's claim; and . . . does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a) (emphasis added).

The "question whether the . . . claims are compulsory counterclaims which should have been pleaded in the earlier . . . state court action is a question of state law." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248-49 (9th Cir. 1987).

The earlier-filed California Action was initially filed in California state court (Dkt. 6-1) and under the analogous California rule:

[I]f a party against whom a complaint has been filed and served fails to allege in a cross-complaint any *related cause of action* which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

Cal. Civ. P. § 426.30(a) (emphasis added). "'Related cause of action' means a cause of action which arises out of the *same transaction, occurrence, or series of transactions or occurrences* as the cause of action which the plaintiff alleges in his complaint." Cal. Civ. P. § 426.10(c) (emphasis added).[3]

Usage of "'transaction'" within Section 426.10 "'parallels the interpretation of the same term found in the comparable Federal Rule of Civil Procedure on compulsory counter-claims,'" specifically Rule 13(a). *Cheiker v. Prudential Ins. Co. of Am.*, 820 F.2d 334, 337 (9th Cir. 1987) (quoting *Saunders v. New Capital for Small Bus., Inc.*, 231 Cal.

---

[3] California's compulsory counterclaim rule also requires the claim exist "at the time of serving his answer to the complaint." Cal. Civ. P. § 426.30(a); *see also Creative Impact Inc. v. MGA Entm't, Inc.*, No. CV 19-07009 AG (ASx), 2019 WL 7906430, at *4 (C.D. Cal. Nov. 4, 2019) ("Section 426.30 only requires that Plaintiffs' Lanham Act claim exist at the time Plaintiffs file their answer to Defendant's state court claims, not that it be asserted before their answer is filed.").

Here, the record indicates (and the parties do not dispute) that all the claims asserted in the Washington and California Action 'existed' before the Employer answered House's complaint in the California Action. *See* Dkts. 6-2, 18.

ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER (DKT. 5) - 7

App. 2d 324, 336 (1964)).A "'logical relationship' analysis is utilized under both federal and California law." *Vagaro, Inc. v. Miller*, No. 23-cv-02591-TSH, 2023 WL 4828682, at *3 (N.D. Cal. Jul. 27, 2023). California courts determining the existence of compulsory counterclaims have considered "both case law construing California's compulsory cross-complaint statute and federal cases interpreting the analogous Rule 13(a)." *Align Tech., Inc. v. Tran*, 179 Cal App. 4th 949, 962 (2009);

"A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013) (citation and quotation marks omitted); *Align Tech. Inc.*, 179 Cal App. 4th at 960 (applying the same test and analogizing to federal caselaw).

This standard "requires not an absolute identity of factual backgrounds" as "the term transaction, in the context of compulsory counterclaims, is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Align Tech, Inc.*, 179 Cal. App. 4th at 960, 966 (citations and quotation marks omitted) (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926); *Newbery Corp v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1402 (9th Cir. 1996) (applying the same standard).

Despite this 'flexibility,' the Ninth Circuit has disapproved of using Rule 13(a) merely because cases involve the "same general subject matter." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196-97 (9th Cir. 2005); *see also Grupo Salinas Inc. v. JR*

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 8

*Salinas Wheels & Tires Inc.*, No. SACV 16–1923 JVS, 2017 WL 2972339, at *3 (C.D. Cal. Jan. 30, 2017) (declining to dismiss under Rule 13(a) when the "only area of overlap between these claims is the existence of an employment relationship."); *see also VBS Distrib., Inc. v. Nutrivita Lab., Inc.*, No. SACV 16–01553–CJC(DFMx), 2017 WL 2404920, at *3 (C.D. Cal. Mar. 1, 2017) (rejecting an argument that because the "counterclaims allege some of the same facts—namely, her hiring, her employment performance, and her separation from employment—her counterclaims are compulsory" as "[w]hile the facts she relies on in the TAC provide useful context, Plaintiffs' claims do not rely on them.").

The California Court of Appeal analogized between Rule 13(a) and Section 426.30 by surveying "[s]everal federal cases involving compulsory counterclaims" for employment disputes. *Align Tech., Inc.*, 179 Cal. App. 4th at 966-68. A close reading of these cases reiterates the above principle that more is required than the same general subject matter, namely the existence of a current or formal employment relationship. *See*, *e.g.*, *Klein v. London Star Ltd.*, 26 F. Supp. 2d 689, 697 (S.D.N.Y. 1998) (finding claims for wrongful termination and theft of trade secrets were logically related not because of the former employment relationship, but because the theft claim specifically "provides an alternative basis for why [the employee] left [the employer]").[4]

---

[4] *See also, e.g., Automated Datatron, Inc. v. Woodcock*, 84 F.R.D. 408, 413 (D.D.C. 1979) (emphasis added) ("the essential facts of the amended counterclaim involve the same employer-employee relationship *as it pertains to the alleged stock agreement*"); *Pochiro*, 827 F.2d at 1250 (agreeing the suits "revolve around the [former employee's] use of these same confidential records"); *Gen. Cable Corp. v. Highlander*, 447 F. Supp. 2d 879, 891-92 (S.D. Ohio 2006) ("breach of employment contract claim is clearly compulsory in nature as her termination was obviously linked to Plaintiff's concerns that she had violated her fiduciary duties . . . Plaintiff claimed it had 'just cause' for her termination, which Defendant asserts is untrue."); *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 163 (N.D. Ill. 1982) ("Zuckert has sued for commissions and incentive bonuses allegedly due him pursuant to his full performance of an oral contract

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 9

### ii.    Application

Here, House argues that the "claims [Employer] assert[s] here arise from the same employment relationship and the same set of facts underlying the California Action." Dkt. 5 at 2.

House — in the California Action — asserts three sexual harassment claims: hostile work environment, quid pro quo harassment, and failure to prevent. Dkt. 6-2. The Employer in the Washington Action alleges various claims concerning House's usage of paid time off, retention of a company laptop, and assignment of her bonus. Dkt. 18.

While the Washington and California Actions share the same general subject matter, that being House's former employment relationship, this connection is insufficient to form a logical relationship under either Rule 13(a) or Section 426.30. *Pegasus Gold Corp.*, 394 F.3d at 1197; *see also Cases v. Brightwater Intern., Inc.*, No. CV 10–7235 CAS (AGRx), 2011 WL 486564, at *3 (C.D. Cal. Feb. 1, 2011) (citing *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469 (S.D.N.Y. 2008)) (noting even under "the broader standard applied to permissive counterclaims . . . [t]he only tenuous connection between the two claims is the existence of an employment relationship between plaintiffs and defendants, which is insufficient . . ."). The connection between the Washington and California Actions here are unlike, for example, when the earlier-filed case asserted a wrongful termination claim and the subsequently filed case asserted a claim in effect proposing an alternate basis for that

---

with defendants-counterplaintiffs; in their counterclaim, defendant-counterplaintiffs have put in issue Zuckert's performance of contracts with them.").

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 10

termination. *See*, *e.g., Klein*, 26 F. Supp. 2d at 697; *see also Gen. Cable Corp.*, 447 F. Supp. 2d at 891-92.

House contends the Employer's complaint in the Washington Action "conveniently omits that Ms. House resigned because of [Employer]'s mishandling of her sexual harassment claim and that they refused to allow Ms. House to purchase the laptop because of her pending sexual harassment claims." Dkt. 5 at 5. House re-asserts the general context of her employment relationship and this argument is inapposite. House's assertion regarding the laptop fails to explain how resolution of the Employer's claims regarding the laptop hinges on, or are substantively linked to, the merits or adjudication of her sexual harassment claims asserted in the California Action. *See, e.g., VBS Distrib., Inc.*, 2017 WL 2404920, at *3 ("[w]hile the facts she relies on . . . provide useful context, Plaintiffs' claims do not rely on them.").

The Court finds the Employer's claims in the Washington Action are not compulsory counterclaims and **DENIES** House's Rule 12(b)(6) motion to dismiss.

### D. Transfer

Alternatively, House requests the Washington Action be transferred to the Southern District of California under 28 U.S.C. § 1404(a). Dkt. 5 at 6.

#### i.    Standard

Under section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). Section 1404(a) sets two requirements: (1) the district court is one where the action "might have been

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 11

brought" and (2) that the "convenience of parties and witnesses, in the interest of justice" favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

The parties do not dispute the first requirement. *See* Dkts. 5, 12.

For the second requirement, the Ninth Circuit has recognized numerous factors for courts to consider under *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), and *Decker Coal Co. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Gomes v. Wal-Mart Assoc., Inc.*, No. 22-cv-6051-AB (KKx), 2023 WL 5506024, at *3 n.1 (C.D. Cal. Apr. 13, 2023) (using the *Jones* factors over the *Decker* factors). The Court notes that the result would not differ regardless whether the *Jones* or *Decker* factors are applied.

Under *Jones,* the factors courts "may" consider for section 1404(a) include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

211 F.3d at 498-99. Additionally, the presence of a forum selection clause and any relevant public policy of the forum state are 'significant factors.' *Id.* at 499.

"No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Saunders v. USAA Life Ins. Co.*, 71 F. Supp. 3d 1058, 1060 (N.D. Cal. 2014) (citations and quotation marks omitted).

The burden falls on the party seeking transfer under § 1404(a) to demonstrate it is warranted. *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005) (citing

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 12

*Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979)); *Decker Coal Co*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

### ii.    Application

The Court finds application of the *Jones* factors shows that transfer is unwarranted.

The first *Jones* factor is, at best, neutral as House worked remotely for the Employer. *See Ahead LLC v. KASC, Inc.*, 2013 WL 1747765, at *9-10 (noting this factor is "neutral" when the matter involves "multiple locations").

The second *Jones* factor is also neutral as the Employer asserts claims under both Washington and California law. *E.g.* Dkt. 18 at 11-15.

The third *Jones* factor favors the Employer. While courts are "hesitant to defer to a plaintiff's choice of forum when the case lacks strong ties to that district," such concerns are not present here; it is undisputed the Employer is primarily based in (and thus has strong ties to) Washington State. *Ahead, LLC*, 2013 WL 1747765, at *10-11.

The fourth, fifth, sixth, and eighth *Jones* factors are, at best, neutral for House. "[S]ection 1404(a) is not a mechanism by which to transfer inconvenience from one party to another." *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 541 (N.D. Cal. 2005), *overruled in part on other grounds by Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011); *see also Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.").

House is primarily based in California, and the Employer is primarily based in Washington. And the current matter concerns House's former remote working relationship with the Employer, therefore contacts exist in both Washington and California. Thus, in this matter, a transfer to California from Washington would, at best, simply transfer any inconvenience from one side to another.

Finally, the seventh factor is neutral as neither party alleges there is a material difference in the availability of compulsory process under Washington and California law. *See* Dkt. 5, 12.

The Court thus declines to transfer this matter under Section 1404.[5]

**E. First-to-File Rule**

Finally, House argues that transfer is appropriate under the first-to-file rule. Dkt. 5 at 6.

Under the first-to-file rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). The parties and issues need not be identical, but must be "substantially similar." *Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).

A court "analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240. Yet, "[t]he most basic aspect of the

---

[5] House acknowledges there is a "forum selection clause in [her] employment agreement" (Dkt. 15 at 8) which states the agreement will be "construed and enforced in accordance with the laws of the State of Washington and venue for any dispute shall be in King County, Washington." Dkt.12 at 22. Even so, she argues "with a single exception, Plaintiffs' claims are entirely outside the scope of that agreement." Dkt. 15 at 8. The Court need not address this argument as transfer is unwarranted under *Jones* and Section 1404 even without considering the forum selection clause.

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 14

first-to-file rule is that it is discretionary . . ." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Pacesetter Sys.*, 678 F.2d at 95. (noting the rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration.").

For the first factor, chronology, it is undisputed the California Action was filed before the Washington Action. *See* Dkts. 1-2, 6-2.

For the second factor, the parties are similar; both suits name House and the same entities related to the Employer, with the only difference being the California Action specifically naming Schutzler and various unidentified employees. *See* Dkts. 1-2, 6-2, 18.

For the third factor, and for similar reasons to those discussed in the preceding section on compulsory counterclaims, the Court does not find that the claims between the two Actions are "substantially similar" under the first-to-file rule. *Kohn Law Grp.*, 787 F.3d at 1239; *see also RocketPower, Inc. v. Strio Consulting, Inc.*, No. 20-cv-06446-CRB, 2020 WL 6784199, at *5 n.4 (N.D. Cal. Nov. 18, 2020) (declining to transfer under *Jones* and Section 1404(a) and then stating "[f]or the same reason, the 'first-to-file-doctrine' does not apply" as "this case involves different issues than the cases currently pending in the District of Minnesota.").

The Court thus declines to apply the first-to-file rule.

### III.   CONCLUSION

For the reasons above, House's "Motion to Dismiss Or, In The Alternative, Transfer Venue." (Dkt. 5), is **DENIED**.

Dated this 16th day of April, 2026.

_Theresa L. Fricke_

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TRANSFER (DKT. 5) - 16